**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANLLELO ALBERTO VICTOR-MEDINA,

Petitioner,

v.

WARDEN of Moshannon Valley Processing Center et al..,

Respondents.

3:26cv1758
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S VERIFIED**
**<u>WRIT OF HABEAS CORPUS (Doc. 1)</u>**

Pending is Petitioner Anllelo Alberto Victor-Medina's Verified Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**I. BACKGROUND**

On September 9, 2026, Petitioner filed his *pro se* habeas petition. (*Id.*)

On September 18, 2026, Respondents filed their response in opposition to Petitioner's habeas petition. (Doc. 5).

On September 22, 2026, Petitioner filed a Reply to Respondent's Opposition. (Doc. 6).

Accordingly, Petitioner's habeas petition has been fully briefed and is ripe for adjudication.

**II. PARTES' POSITIONS**

Petitioner's habeas petition asserts the following relevant facts, which Respondents do not dispute: (1) Petitioner is a citizen and national of the Dominican Republic; (2) Petitioner entered the United States ("U.S.") and turned himself in to authorities after entry; (3) on August 29, 2026, Petitioner was taken into immigration custody; (4) Petitioner has no criminal history; (5) Petitioner has lived and worked in the U.S. without incident since his 2020 entry; and

(6) Petitioner currently is detained by Respondents at the Moshannon Valley Processing Center ("MVPC"). (Doc. 1).

Petitioner's habeas petition asserts three (3) claims: (1) Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)(A)") violates Petitioner's due process rights under the Fifth Amendment to the U.S. Constitution; (2) Respondents' detention of Petitioner pursuant to Section 1225(b)(2)(A) violates Petitioner's rights under the Immigration and Nationality Act ("INA"); and (3) Respondents' detention of Petitioner "without any consideration of his individualized facts and circumstances" violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). (*Id.* at 27-33).

As relief, Petitioner seeks that this Court:

1. Assume jurisdiction over this matter;

2. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

3. Declare that the Petitioner's detention violates the INA;

4. Declare that the Petitioner's detention violates the APA;

5. Issue a Writ of Habeas Corpus ordering Petitioner immediately released, or in the alternative, ordering Respondents to conduct a constitutionally sufficient bond hearing within seven (7) days, with the following safeguards in place:

    a. Declare that Respondents bear the burden to show flight risk or danger to society by clear and convincing evidence; and

    b. Order Respondents to give a status report to this Court within three (3) days showing compliance with this Court's Opinion.

6. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

7. Grant any further relief this Court deems just and proper.

(*Id*. at 33-34).

In response to Petitioner's habeas petition, Respondents assert the following relevant fact, which Petitioner does not dispute: on September 11, 2026, Petitioner withdrew a bond application, *i.e.*, a request for s bond hearing before an IJ, and requested time for an attorney. (Doc. 5 at 2 n. 2).

Respondents also submitted documentation which supports that Petitioner entered the U.S. on May 19, 2022, without inspection, was arrested by U.S. Border Patrol, released without being fully processed, and paroled into the U.S. (Doc. 5-3 at 3).

Respondents argue that Petitioner's habeas petition must be dismissed without prejudice because when Petitioner was detained on August 29, 2026, he was detained pursuant to 8 U.S.C. § 1226(a) ("Section 12226(a)"), and not Section 1225(b)(2)(A), and thus, "Petitioner has access to an individualized bond hearing in the immigration court through administrative procedures, which he has failed to fully exhaust." (*Id*. at 2).

In support thereof, Respondents have provided a copy of Petitioner's I-286 Form (Notice of Custody Determination), dated September 2, 2026, which states in relevant part: (1) "Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be: Detained by the Department of Homeland Security" and not released; and (2) "You may request a review of this custody determination by an immigration judge," to which Petitioner responded "I **do** request an immigration judge review of this custody determination." (Doc. 5-1 at 2) (emphasis in original).

In the alternative, Respondents "suggest[] that the Court may grant the habeas petition to the extent that it seeks a prompt individualized bond hearing under § 1226(a) in the immigration court, which would comport with the Third Circuit's ruling in *Buele Morocho* and would satisfy

due process as construed in that opinion." (Doc. 5 at 5). In so arguing, Respondents further posit that the burden of proof should not, as requested by Petitioner, shift to Respondents to demonstrate "by clear and convincing evidence that that (sic.) Petitioner poses a flight risk or danger to the community." (*Id.*) (citing *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018).

In Petitioner's Reply to Respondents' Response, Petitioner asserts: "Because § 1225(b) did not authorize Petitioner's initial arrest and detention, and because Respondents' post-arrest reclassification does not remedy the period of unlawful detention or provide the release requested in the Petition, the Court should grant the writ and order Petitioner's immediate release." (Doc. 6 at 1).

In support thereof, Petitioner cites to an I-213 Record of Deportable/ Inadmissible Alien Form dated August 29, 2026, which is attached to Respondents' Response and states in pertinent part: (1) Petitioner "will be processed as a (T-Other) with an I-830 sent to the court and will be held at the Moshannon Valley Processing Center, without bond, pending (further immigration proceedings/removal);" and (2) "DISPOSITION: After being served with an I-862, VICTOR-MEDINA will be held in custody until he is removed." (Doc. 5-5 at 4).

## III. DISCUSSION AND FINDINGS

First, where the evidence of record supports that Petitioner arrived in the U.S. on May 19, 2022, without inspection, was arrested by U.S. Border Patrol, released without being fully processed and paroled into the U.S., has no criminal record, and was detained in the interior of the U.S. on August 29, 2026, the Court finds that Petitioner's detention is governed by Section 1226(a), and not Section 1225(b). *See Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 299, 305 (3d Cir. 2026) (explaining: "The INA's broader statutory scheme also supports the

conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders" and concluding: § 1225(b)(2)(A) does not apply to Petitioners as they were not detained at the border").

Further, contrary to Respondents' contention, the Court finds that Petitioner's habeas petition will not be dismissed without prejudice based on Petitioner's failure to exhaust administrative remedies. As recently explained in *Sosa Serrano v. Lowe et al.,* Civ. No. 3:26-2372, 2026 WL 2790274 (M.D. Pa. Sept. 17, 2026):

> "A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D. Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D. Pa. Nov. 14, 2025)). . . . Thus, in exercising its discretion, this Court will analyze the merits of Petitioner's wrongful detention claim.

*Sosa Serrano*, 2026 WL 2790274, at *2.

Moreover, the Court finds that Petitioner has not established that when he was detained on August 29, 2026, he was detained pursuant to Section 1225(b). More specifically, contrary to Petitioner's contention, the statements contained within the August 29, 2026 I-213 Record of Deportable/ Inadmissible Alien Form attached to Respondents' Response do not establish that Petitioner was detained pursuant to Section 1225(b)(2). (*See* Doc. 5-5). Thus, the Court further finds that Petitioner's claims, which all flow from Petitioner's contention that he is being unlawfully detained pursuant to Section 1225(b) or, as modified by his Reply, that if now detained pursuant to Section 1226(a), he originally was unlawfully detained pursuant to Section 1225(b), are without merit.[1]

---

[1] Nothing stated in this Memorandum Order precludes Petitioner from requesting, as is his right since his detention is governed by Section 1226(a), a bond hearing before an IJ.

Additionally, in light of the findings set forth in the prior paragraph, the Court finds that Respondents' position in this matter was substantially justified and the Court will not award Petitioner attorney's fees and costs under the EAJA or on any other basis justified under law.

## IV. CONCLUSION

For all of the above-stated reasons, Petitioner's habeas petition is DENIED.

SO ORDERED this 16th day of November, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record